IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                        CR No. 10-2603 WJ

VERNON EARL COLEMAN,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO SUPPRESS**

THIS MATTER comes before the Court on Defendant's Motion to Suppress Evidence and Statements (Doc. 17) and Defendant's Amendment to Defendant's Motion to Suppress Evidence and Statements (Doc. 36). A hearing was held in this matter at 2:00 p.m. on February 17, 2011. Having considered the written and oral arguments of counsel, the Court finds the motion is not well taken and shall be denied.

Defendant Vernon Earl Coleman was driving a tractor trailer eastbound on I-10 and stopped at the Lordsburg, New Mexico port of entry. At Lordsburg, all trucks without pre-clearance[1] must stop at an inspections window manned by the New Mexico Department of Public Safety, Motor Transportation Division ("MTD"). Officer Christopher Alvarez was conducting safety inspections at the Port of Entry at that time. Officer Alvarez testified at the hearing that he asked Coleman to submit to a Level II inspection, or a "Walk-Around Driver/Vehicle Inspection," based on the fact that Defendant appeared extremely nervous. The

---

[1] Pre-clearance is effected by means of the "PrePass," which uses an electronic signal that the driver engages near a port of entry to allow a truck to continue interstate travel and bypass the port of entry. Those trucks utilizing PrePass devices are typically trucks owned by major trucking companies that have made arrangements for these devices with the MTD.

result of this inspection revealed 759 pounds of marijuana in the trailer.

Coleman argues that his right to equal protection was violated because he was stopped based on his race.[2] Coleman cites to various pieces of evidence that he believes establishes a reasonable plausibility of racial profiling at the Lordsburg port of entry. He argues that "suppression would be a proper remedy for an equal protection violation." Doc. 17 at 6 (Doc. 17) (citing *United States v. Benitez*, 613 F. Supp. 2d 1099, 1002 n.3 (S.D. Iowa 2009)). Coleman further requests the opportunity to present evidence of the equal protection violation and obtain discovery on the issue.

In the amendment to his motion, Coleman points the Court to findings of law made by Judge Brack in *United States v. Bernard*, No. 09-cr-2474 RB (Doc. 90 filed July 19, 2010). In that case, Judge Brack recognized that "the Supreme Court has yet to decide whether suppression is an appropriate remedy for a violation of the Equal Protection Clause." *Id.* at 10 ¶ 2 (citing *United States v. Armstrong*, 517 U.S. 456, 461 n.2 (1996)). Judge Brack therefore deferred ruling on the question of the proper remedy "until it is determined whether Defendants can establish such a claim." *Id.* at 11.

This Court agrees that the law is not clear on whether violations of the Equal Protection Clause are remediable by means of a motion to suppress. However, the Tenth Circuit has indicated that it would not view such a proposition favorably. *See United States v. Botero-Ospina*, 71 F.3d 783, 785 (10th Cir. 1995) (en banc) (rejecting a subjective test and the doctrine of pretextual stops); *United States v. Anderson*, 114 F.3d 1059, 1067 (10th Cir. 1997) (defendant may not argue that a stop was racially motivated in light of the finding that the stop is lawful

---

[2] Defendant is an African-American male.

under *Botero-Ospina*; district court's denial of discovery motions was proper); *United States v. Adkins*, 1 F. App'x 850, 851 (10th Cir. 2001) (unpublished table decision) ("[T]he fact that Defendant may have an equal protection claim against the arresting officer has absolutely no bearing on whether the officer's traffic stop was reasonable under the Fourth Amendment."). In this case, Coleman concedes that "the [Tenth Circuit] Court of Appeals has upheld New Mexico's regulatory scheme for warrantless inspections of commercial trucks at its ports of entry under the Fourth Amendment." Doc. 17 at 4 (citing *United States v. Vasquez-Castillo*, 258 F.3d 1207, 1210 (10th Cir. 2001)). Therefore, there is no legal basis to challenge the objective reasonableness of the stop at Lordsburg, and Officer Alvarez' subjective motivations for making the stop are irrelevant. Coleman's remedy is a civil suit against Officer Alzarez and/or the MTD.

Even if this Court were to adopt the legal findings in *Bernard* as Coleman requests, it would still deny the motion. The United States notes in its response (Doc. 40) that the evidence of racial profiling in *Bernard* pertained to a different MTD officer and so the evidence does not necessarily lead the same conclusions in this case. Here, the Court is satisfied that Officer Alvarez did not perform the stop because of Coleman's race. At the suppression hearing, Officer Alvarez testified that he asked Coleman to submit the tractor/trailer rig he was driving to a Level II inspection because: (1) Coleman's statements concerning the origination of his trip and the destination were unusual, conflicting, and non-credible; (2) he was avoiding eye contact; (3) he was shaking "uncontrollably" as he handed the logbook to Officer Alvarez; (4) in the logbook, Coleman had recorded "downtime" during the trip, which was highly unusual for truck drivers working alone; (5) he kept changing his story as to whether he was present when the cargo was loaded. Officer Alvarez' testimony is credible, and the Court finds that Coleman was not stopped because of his race. Moreover, Coleman testified at the suppression hearing, but he did not

specifically contradict Officer Alvarez' testimony concerning the reasons that prompted Officer Alvarez to ask Coleman to submit his rig to a Level II inspection.

The Court finds and concludes that the actions of Officer Alvarez were reasonable under the Fourth Amendment.[3] Accordingly, Defendant's Motion to Suppress Evidence and Statements (Doc. 17) and Defendant's Amendment to Defendant's Motion to Suppress Evidence and Statements (Doc. 36) are DENIED.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

---

[3] Coleman has offered no law for the proposition that the legal standard is somehow different because he filed the motion not on Fourth Amendment grounds, but under the Fifth and Fourteenth Amendments. *Cf. Anderson*, 114 F.3d at 1067 n.7 (whether argument was raised as an equal protection violation or a Fourth Amendment motion to suppress is moot in light of the officer's "observation of an admitted traffic violation" which rendered the stop lawful). This indicates that it made no difference whether the defendant proceeded under the Fourth Amendment or the Equal Protection Clause in that case.