IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                             No. 12-cv-1330 WJ/SMV
                                                    10-cr-2603 WJ

VERNON EARL COLEMAN,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 12] ("PF&RD"), issued on May 10, 2013. Pursuant to the Court's referral, the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended that the Court deny Defendant's Motion Under 28 U.S.C. § 2255 . . . [Doc. 1] and dismiss Case Number 12-cv-1330 WJ/SMV with prejudice. Defendant[1] timely objected [Doc. 13] to the PF&RD. The Court, being fully advised in the premises, will OVERRULE the objections, ADOPT the PF&RD, DENY the Petition, and DISMISS the civil § 2255 action with prejudice.

**Background**

On April 2, 2010, Defendant drove his semi-tractor trailer rig into a temporary Port of Entry (POE) near Lordsburg, New Mexico. [Doc. 10] at 4. A New Mexico Motor Transportation Division (MTD) Officer inspected his paperwork, performed a brief "cargo check," walked

---

[1] Defendant is incarcerated, proceeding *in forma pauperis*, and appearing pro se. *See* [Doc. 1] in case number 12-cv-1330 WJ/SMV and [Doc. 3] in case number 10-cr-2603 WJ.

round the truck, inspected of the cab, and told him he was free to go. *Id.*; *see* [Doc. 10-1] at 91. Defendant subsequently signed a consent form authorizing the officer to search his vehicle. [Doc. 10] at 5. Pursuant to that authorization, the MTD officer performed a more thorough search of Defendant's trailer and discovered 759 pounds of marijuana in several duffel bags. *Id.*

On September 14, 2010, a grand jury in the District of New Mexico returned a two-count indictment against Defendant. CR Doc. 12 at 1.[2] Count 1 accused Defendant of conspiring to possess with the intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846. *Id.* Count 2 accused Defendant of possessing more than 100 kilograms of marijuana with the intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. *Id.* at 2. On October 6, 2010, Defendant's counsel filed a Motion to Suppress Evidence and Statements (hereinafter, the "motion to suppress"). CR Doc. 17. He filed an amended motion to suppress the following day and then an amendment to the amended motion on March 3, 2011. CR Docs. 18, 36. On February 17, 2011, the district court conducted a hearing on the motion. Transcript of [Suppression Hearing] [Doc. 10-1]. On April 6, 2011, the district court denied the motion in a memorandum opinion and order. [CR Doc. 48].

On April 13, 2011, Defendant conditionally pleaded guilty to Count 2 of the indictment. CR Doc. 64.[3] He reserved the right to appeal the district court's denial of his motion to suppress. CR Doc. 75. On July 26, 2011, the district court conducted a sentencing hearing and remanded Defendant to the custody of the Bureau of Prisons to be imprisoned for a total term of 164 months. CR Doc. 74. On August 12, 2011, the district court entered a judgment memorializing the sentence. CR Doc. 76. Defendant appealed the district court's denial of his

---

[2] Citations that begin with "CR" are to the underlying criminal case, 10-cr-2603 WJ.
[3] The district court dismissed Count I of the indictment on motion of the United States. CR Doc. 54.

motion to suppress to the Tenth Circuit Court of Appeals. *See* CR Doc. 78. The Tenth Circuit upheld the district court's ruling. *United States v. Coleman*, No. 11-2173, 483 F.App'x 419, 421 (10th Cir. May 18, 2012) (unpublished). Defendant then petitioned for certiorari before the United State Supreme Court. CR Doc. 93. That petition was denied. *Coleman v. United States*, 133 S. Ct. 360 (2012).

Defendant then filed the instant motion pursuant to 28 U.S.C. § 2255. [Docs. 1, 2]. He raises two grounds in support of the motion. In Ground One, he claims that his trial counsel was constitutionally ineffective in not moving to suppress his "illegal detention." [Doc. 2] at 3–6. Although his attorney, Mr. Candelaria, did move to suppress the evidence, Defendant challenges the *legal theory* on which counsel based the motion. *See* CR. Docs. 17, 18, 36. Counsel argued that Defendant, an African-American, was the victim of selective enforcement of the law in violation of the Equal Protection Clause of the Fifth Amendment. *See* CR. Docs. 17, 18, 36. However, Defendant contends that counsel should have challenged the validity of Defendant's consent and should have argued lack of probable cause. *See id.* In Ground Two, he argues that the district court abused its discretion by not granting his motion to suppress. *Id.* at 6–7.

Judge Vidmar did not agree with Defendant. Judge Vidmar found that the record, which included an affidavit from Mr. Candelaria, not only established that counsel's performance did not fall below an objective standard of reasonableness, but actually showed that his performance surpassed reasonableness. [Doc. 12] at 7–8 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). The Government's witnesses testified at the suppression hearing that Defendant freely and voluntarily consented to the search of his trailer and its contents. [Doc. 12] at 5 (citing [Doc. 10-1] at 18–74). Defendant conceded that he signed the consent-to-search form after the

MTD officer had told him he was "free to go." [Doc. 12] at 6 (citing [Doc. 10-1] at 91, 92). Nevertheless, Defendant argued that his consent to search the trailer was not valid because he believed he was only consenting to the officer's "running the dog around the truck." [Doc. 12] at 6 (citing [Doc. 10-1] at 92).

In Mr. Candelaria's professional opinion, the "only not frivolous" argument was based on equal protection because the evidence supported valid consent, and he told Defendant so. [Doc. 12] at 6 (citing [Doc. 10-2] at 1). Judge Vidmar found that Mr. Candelaria elected to litigate the suppression issue based on equal protection and not on lack of consent or probable cause as a "reasonable trial strategy, which the Court cannot now second-guess." [Doc. 12] at 8. Hence, Judge Vidmar concluded that Defendant had failed to overcome the strong presumption that Mr. Candelaria's decisions were made in the exercise of reasonable professional judgment. [Doc. 12] at 8 (citing *United States v. Kennedy*, 225 F. 3d 1187 1197 (10th Cir. 2000) and *Dever v . Kan. State Penitentiary*, 36 F. 3d. 1531, 1537 (10th Cir. 1994)).

Although he was not required to, Judge Vidmar went on to find that Defendant had failed to show any prejudice from his counsel's performance. [Doc. 12] at 8–9 (citing *Strickland*, 466 U.S. at 697). Even assuming that Defendant's consent had not been voluntary, Judge Vidmar found that the MTD officer had sufficient probable cause to search the trailer. [Doc. 12] at 9 (citing *United States v. Gwathney*, 465 F.3d 1133, 1137, 1140 (10th Cir. 2006)).

Finally, Judge Vidmar found that Defendant's second claim—that the trial court erred in denying his motion to suppress—had been previously decided on direct appeal and, therefore, could not be raised in this § 2255 motion. [Doc. 12] at 9 (citing *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994)).

**The § 2255 Standard**

A petition under 28 U.S.C. § 2255(a) attacks the legality of a federal prisoner's detention. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Under § 2255(a), a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if "the sentence was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

**Standard of Review for Objections to Magistrate Judge's Recommendations**

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Objection Number 1

Petitioner raises one objection to the PF&RD. [Doc. 13]. He argues that Judge Vidmar should have held an evidentiary hearing "due to [Defendant's and Mr. Candelaria's] statements contradicting each other[.]" *Id.* at 1. Before Judge Vidmar, Defendant argued that Mr. Candelaria's affidavit was "very misleading and untrue in regards to those so called discussions he claimed had occurred dealing with the illegal detention and arrest." [Doc. 11] at 1.

On de novo review, I find that Petitioner's objection is without merit. First, beyond generally referencing "discussions . . . dealing with the illegal detention and arrest," Defendant

fails to specify what portions of Mr. Candelaria's affidavit are untrue.  Defendant also fails to present any evidence, such as his own affidavit, describing any communications that did occur between counsel and Defendant.  Most importantly, however, Defendant fails to explain how this factual dispute undermines Judge Vidmar's findings.  Even disregarding Mr. Candelaria's affidavit entirely, Defendant still fails to overcome the strong presumption that "under the circumstances, the challenged action might be considered sound trial strategy," *see Strickland*, 466 U.S. at 689, because Defendant's preferred legal theory was frivolous considering the Government's evidence to the contrary.  Additionally, even assuming *arguendo* that Mr. Candelaria's performance had been ineffective, Defendant would still fail to establish prejudice because the MTD officer had sufficient probable cause to conduct the search.  *See id.* at 697.  Judge Vidmar did not err in failing to hold an evidentiary hearing because none was necessary.  Therefore, the objection is OVERRULED.

## Conclusion

Based on the foregoing, I find that Petitioner has not met his burden of showing that his counsel was constitutionally ineffective and, thus, has failed to show that his sentence was imposed in violation of the Constitution or laws of the United States.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant's Object[ion] [Doc. 13] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 12] is **ADOPTED**.

IT IS FURTHER ORDERED that the Defendant's Motion Under 28 U.S.C. § 2255 . . . [Doc. 1] is **DENIED** and that Case Number 12-cv-1330 WJ/SMV is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE