IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VERNON EARL COLEMAN,

    Movant,

vs.                                          No. CV 16-00860 WJ/
                                                      SMV No. CR 10-02603 WJ

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court under rule 4(b) of the Rules Governing Section 2255 Proceedings on Movant Vernon Earl Coleman's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1, CR Doc. 139). The Motion is a second or successive motion filed without authorization under 28 U.S.C. § 2255(h) and the Court will dismiss the Motion for lack of jurisdiction.

On April 5, 2010, Coleman was charged with possession with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1). (CR Doc. 1). Coleman pled guilty to the charge without a plea agreement. (CR Doc. 75). On August 12, 2011, the Court sentenced him to 164 months of incarceration followed by 4 years of supervised release (CR Doc. 76). Coleman appealed to the United States Court of Appeals for the Tenth Circuit and the Judgment was affirmed on June 11, 2012. (CR Doc. 91).

Coleman filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on December 31, 2012. (CR Doc. 94. *See, also*, CV 12-01330 WJ/SMV, Doc. 1). His § 2255 motion raised issues of ineffective assistance of counsel and error by the Court in pre-

sentencing evidentiary rulings.  (*See* CR Doc. 94).  The Magistrate Judge entered Proposed Findings and a Recommended Decision, recommending denial of relief and dismissal of the motion. (CR Doc. 103).  The Court adopted the Magistrate Judge's Proposed Findings and Recommended Decision, denying the motion and dismissing with prejudice on June 6, 2013.  (CR Doc. 105, 107).  Coleman filed a motion for reconsideration on December 9, 2014, which was denied by the Court.  (CR Doc. 114, 116).  Coleman appealed the ruling on the motion for reconsideration and was denied a certificate of appealability by the Tenth Circuit Court of Appeals on May 22, 2015.  (CR Doc. 122).

Coleman filed his current § 2255 Motion on July 25, 2016.  (CV Doc. 1; CR Doc. 139). In his Motion, Coleman argues he is entitled to a sentence reduction based on a "minor role" amendment to Section 3B1.2 of the United States Sentencing Guidelines.  (CV Doc. 1 at 1-2; CR Doc. 139 at 1-2). The Motion is a second or successive § 2255 motion filed without authorization from the United States Court of Appeals for the Tenth Circuit. Without Tenth Circuit authorization, this Court has no jurisdiction to even consider a second 2255 motion.  *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008); *Stanko v. Davis*, 617 F.3d 1262, 1265 (10th Cir. 2010).

Section 2255 provides that a second or successive § 2255 motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain:  (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court.  28 U.S.C. § 2255(h).  Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the

appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Coleman has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d at 1252.

Under *Cline,* one of the factors the Court may consider in determining whether to transfer is whether the claims alleged are likely to have merit. *Cline,* 531 F.3d at 1251. In order to proceed on his second § 2255 motion, Coleman would need to present grounds for relief based on a new rule of constitutional law made retroactively applicable on collateral review. 28 U.S.C. § 2255(h). Coleman argues he is entitled to proceed based on the Ninth Circuit's ruling in *United States v. Quintero-Leyva,* 823 F.3d 519 (9th Cir. 2016) making the November, 2015 U.S.S.G. Amendment 794 retroactively applicable. However, in *Quintero-Leyva*, the Ninth Circuit held that Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2, is retroactively applicable only on direct appeal and declined to extend retroactive application to collateral review. 823 F.3d at 521 nt. 1 and 522-24. Neither the United States Supreme Court nor any federal appellate court has held that Amendment 794 is retroactively applicable on collateral review under 28 U.S.C. § 2255. Applying *Cline,* the Court finds Coleman's allegations are unlikely to have any merit and it is not in the interests of justice to transfer this matter to the Court of Appeals.

3

Coleman does not meet the requirements to obtain authorization for a second or successive §2255 motion. 28 U.S.C. § 2255(h)(2). The Court determines that it lacks jurisdiction to consider Coleman's second § 2255 motion and it is not in the interests of justice to transfer his filing to the Tenth Circuit. *In re Cline,* 531 F.3d 1249, 1252. The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Proceedings, that Coleman has failed to make a substantial showing that he has been denied a constitutional right under 28 U.S.C. § 2253(c)(2). The Court will deny a certificate of appealability.

**IT IS ORDERED** that Movant Vernon Earl Coleman's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1, CR Doc. 139) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE