IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                  No. CR 10-02603 WJ

VERNON EARL COLEMAN,

        Defendant.

## MEMORANDUM OPINON AND ORDER
## DENYING MOTION TO CORRECT SENTENCE

**THIS MATTER** is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on the Motion to Correct Sentence filed by Defendant, Vernon Earl Coleman on March 29, 2017 (Doc. 162). The Court will dismiss the Motion for lack of jurisdiction and deny a Certificate of Appealability.

On March 9, 2017, the Court entered an Order to Show Cause Why Filing Restrictions Should Not Be Imposed. (Doc. 159). In the Order to Show Cause, the Court set out Coleman's lengthy pattern of filing improper post-conviction attacks on his sentence, and gave Coleman thirty days to show cause why filing restrictions should not be imposed. Coleman filed his Response to the Order to Show Cause on March 17, 2017 (Doc. 160). Then Coleman immediately filed this additional, abusive attack on his conviction before entry of the Court's Order Imposing Filing Restrictions on April 3, 2017. (Doc. 160, 162,163). Because the Motion to Correct Sentence was filed prior to the Court's Order Imposing Filing Restrictions, the Court will conduct the preliminary review of Coleman's Motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings. However, the Court notifies Coleman that he is now under filing restrictions in this Court and may proceed in the future only in compliance with the

1

terms and conditions of the Court's April 3, 2017 Order Imposing Filing Restrictions. (Doc. 163).

Coleman was charged with possession with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). (Doc. 1). Coleman pled guilty to the charge without a plea agreement. (Doc. 75). On August 12, 2011, the Court sentenced him to 164 months of incarceration followed by 4 years of supervised release. (Doc. 76). Coleman appealed to the United States Court of Appeals for the Tenth Circuit and the Judgment was affirmed on June 11, 2012. (Doc. 91). The United States Supreme Court denied certiorari. (Doc. 93).

Coleman filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on December 31, 2012. (Doc. 94). His § 2255 motion raised issues of ineffective assistance of counsel and error by the Court in pre-sentence evidentiary rulings. (*See* Doc. 94). The Magistrate Judge entered Proposed Findings and a Recommended Decision, recommending denial of relief and dismissal of the motion. (Doc. 103). The Court adopted the Magistrate Judge's Proposed Findings and Recommended Decision, denying the motion and dismissing with prejudice on June 6, 2013. (Doc. 105, 107). Coleman filed a motion for reconsideration on December 9, 2014, which was also denied by the Court. (Doc. 114, 116). Coleman appealed the ruling on the motion for reconsideration and was denied a certificate of appealability by the Tenth Circuit Court of Appeals on May 22, 2015. (Doc. 122).

Coleman filed his second § 2255 Motion on July 25, 2016. (Doc. 139). In his Motion, Coleman argued he is entitled to a sentence reduction based on a "minor role" amendment to Section 3B1.2 of the United States Sentencing Guidelines. (Doc. 139 at 1-2). The Motion was dismissed as a second or successive § 2255 motion filed without authorization from the United

States Court of Appeals for the Tenth Circuit and Coleman was advised that, absent Tenth Circuit authorization, a district court has no jurisdiction to even consider a second or successive 2255 motion. (Doc. 145). *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008); *Stanko v. Davis*, 617 F.3d 1262, 1265 (10th Cir. 2010).

Coleman filed his current Motion to Correct Sentence on March 29, 2017. (Doc. 162). Although he does not cite 28 U.S.C. § 2255, Coleman seeks correction of what he incorrectly claims to be an error in his sentencing. The exclusive remedy for testing the validity of a judgment and sentence is the remedy provided in 28 U.S.C. § 2255. *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996). The Court will construe Coleman's Motion as a successive § 2255 motion. *See, e.g., Peach v. United States,* 468 F.3d 1269, 1270 (10th Cir. 2006).

Section 2255 requires that a second or successive § 2255 motion be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 also requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Coleman's Motion to Correct Sentence is yet another § 2255 motion filed without Tenth Circuit authorization as required by § 2244(b)(3)(A). As Coleman has already been advised, the Court lacks jurisdiction to consider his Motion absent the requisite authorization. (Doc. 145).

When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so pursuant 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d at 1252. Under *Cline,* one of the factors the Court may consider in determining whether to transfer is whether the claims alleged are likely to have merit. *Cline,* 531 F.3d at 1251. Because Coleman has filed his Motion long after his sentence became final, in order to proceed on his successive § 2255 motion, Coleman would need to present grounds for relief based on a new rule of constitutional law made retroactively applicable on collateral review. 28 U.S.C. § 2255(h). Coleman presents no such grounds. Instead, Coleman makes the same argument he has made in many of his previous filings that the sentence imposed on him is inconsistent with the Court's rulings made at his sentencing hearing. (Doc. 162). As the Tenth Circuit clearly advised Coleman, his arguments are procedurally and substantively incorrect. *See* Tenth Circuit Order and Judgment of September 13, 2016. (Doc. 140-1). Applying *Cline,* the Court finds Coleman's allegations will not have any merit and it is not in the interests of justice to transfer this matter to the Tenth Circuit Court of Appeals.

Coleman does not meet the requirements to obtain authorization for a second or successive §2255 motion. 28 U.S.C. § 2255(h)(2). The Court determines that it lacks jurisdiction to consider Coleman's successive § 2255 motion and it is not in the interests of justice to transfer his filing to the Tenth Circuit. *In re Cline,* 531 F.3d 1249, 1252. The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Proceedings, that Coleman has failed to make a substantial showing he has been denied a constitutional right under 28 U.S.C. § 2253(c)(2). The Court will deny a certificate of appealability.

**IT IS ORDERED** that Movant Vernon Earl Coleman's Motion to Correct Sentence (Doc. 162) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE